[668 NYS2d 36]

In the Matter of BIBIANO ROSA, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 3, 1998

### APPEARANCES OF COUNSEL

*Jorge Dopico* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Bibiano Rosa was admitted to the practice of law in the State of New York by the First Judicial Department on November 21, 1977. At all times relevant to this applica-

tion, respondent maintained an office for the practice of law within the First Judicial Department.

The petitioner Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (ii) and (iii), suspending respondent from the practice of law until further order of the Court, based upon substantial admissions under oath that respondent has committed acts of professional misconduct and upon other uncontested evidence of respondent's professional misconduct.

According to a complaint filed on behalf of a former client, John Cruz, a drug dealer who is currently incarcerated in Federal prison, respondent has failed to return funds held in escrow on behalf of Cruz in the amount of $73,455. Cruz's current attorney advised the Committee that respondent has acknowledged receipt of the money and Cruz's entitlement to it; however, respondent apparently no longer has the funds and needs time to raise the full amount. Cruz's current attorney has also provided the Committee with documentary proof of respondent's receipt of the money.

During the course of respondent's deposition to the Committee, he made admissions relating not only to the escrow funds but also to his apparent role over a period of time in Cruz's money-laundering efforts. These admissions form the basis for the instant application. In addition, although respondent represented during his deposition that he would return the escrow funds, he has not yet done so. Also, as of the date of the application, he had failed to produce certain bank records subpoenaed by the Committee.

Respondent's detailed admissions that he knowingly aided a convicted drug dealer in money laundering constitute professional misconduct in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3) (conduct involving dishonesty, fraud, deceit or misrepresentation), (5) (conduct prejudicial to the administration of justice) and (8) (conduct that adversely reflects on fitness to practice law) and warrants his immediate suspension.

Accordingly, the application seeking an order suspending respondent from the practice of law pending consideration of the charges against him by a Hearing Panel of the Committee and until further order of this Court based upon his substantial admissions under oath that he has committed serious professional misconduct should be granted.

MILONAS, J. P., ELLERIN, NARDELLI, WALLACH and RUBIN, JJ., concur.

Motion granted, and respondent suspended from the practice of law in the State of New York, effective immediately, pending consideration of the charges against him by a Hearing Panel of the Departmental Disciplinary Committee, and until the further order of this Court.